FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FEB - 9 2005

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. __1:05CR32-A__ |
| | ) | [18 U.S.C. 922(g)(1)] |
| | ) | |
| RALPH LINGO | ) | INDICTMENT |

GOVERNMENT'S
EXHIBIT

*4*

The Grand Jury charges:

## COUNT 1

That on or about April 14, 2003, and prior thereto, in Houston County, Alabama, within the

Middle District of Alabama,

RALPH LINGO,

defendant herein, having been convicted on or about March 2, 1983, in the Circuit Court of Houston

County, Alabama, of the felony offense of Receiving Stolen Property, Second Degree (Case No. CC

82-798), that is a crime punishable by imprisonment for a term exceeding one year under the laws

of the State of Alabama, did knowingly possess in and affecting commerce the following firearms,

which the defendant had stored in his safe:

(A)    One (1) Phoenix Arms, Model Raven, .25 caliber, semi-automatic pistol, serial
       number 3095413;

(B)    One (1) Bryco Arms, Jennings, Model 48, .380 caliber, semi-automatic pistol, serial
       number 809158; and

(C)    One (1) Bryco Arms, Jennings, Model T380, .380 caliber, semi-automatic pistol,
       serial number 1422059;

all in violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
United States Attorney

_____
Matthew S. Miner
Assistant United States Attorney

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION



GOVERNMENT'S
EXHIBIT
B

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:05CR32-WHA |
| | ) | |
| RALPH LINGO | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:  KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:  K. DAVID COOKE, JR.

## COUNT AND STATUTE CHARGED:

Count 1  18 U.S.C. § 922(g)(1)
Felon In Possession Of A Firearm

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1  18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1  18 U.S.C. § 922(g)(1)
NMT 10Y or
NMT $250,000 or both;
NMT 3Y SUP REL;
$100 AF;
VWPA.

## ELEMENTS OF THE OFFENSE:

18 U.S.C. § 922(g)(1)

First:  The defendant knowingly possessed a firearm or ammunition in or
affecting interstate commerce, as charged; and

Second:  Before the defendant possessed the firearm or ammunition, the
defendant had been convicted in a court of a crime punishable by
imprisonment for a term in excess of one year, that is, a felony
offense.

*********************************************************************************************

K. David Cooke, Jr., Assistant United States Attorney and Kevin Butler, attorney

for the defendant, pursuant to Rules 11(c)(1)(C) and 11(c)(1)(A), Federal Rules of

Criminal Procedure, as Amended, have, with the authorization of the undersigned

defendant, heretofore entered into discussions with a view towards reaching a pretrial

conclusion of the charges pending in the Indictment herein and a Plea Agreement has

been reached by said parties.  The plea is being submitted to the Court pursuant to

Federal Rules of Criminal Procedure 11(c)(1)(C) and 11(c)(1)(A), and the parties

understand that, if the terms of the Plea Agreement are not accepted by the Court, the

defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.

If the Court accepts this agreement, however, and defendant thereafter breaches this

agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in

Count 1 of the Indictment, the attorney for the Government will do the following:

a. The Government will agree that a 2-level reduction in the applicable

offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of

responsibility is appropriate, so long as the defendant does not obstruct justice or

otherwise fail to accept responsibility for the offense conduct.

b. The United State agrees that should the defendant qualify (pursuant to

Title 18 United States Code Section 924(e)) as an Armed Career Criminal, the

2

Defendant shall have the option to withdraw from this plea agreement and proceed to trial.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

3. In exchange and in consideration of the Defendant's plea of guilty to the charge of the indictment, the United States will not indict the Defendant for making false statements in the motion hearing conducted on January 17, 2006. Should the Defendant withdraw his guilty plea to the charge in this indictment, the United States reserves the right to indict and try the defendant for making false statements and related charges related to said date.

## DEFENDANT'S PROVISIONS

4. The defendant agrees to the following:

      a.     To plead guilty to Count 1 of the Indictment.

      b.     To forfeit all firearms in his possession.

      c.     Not commit any State, local or federal offenses.

## FACTUAL BASIS

On or about April 14, 2003, in Henry County, within the Middle District of Alabama, RALPH LINGO, defendant herein, having been convicted of the felony offense of Receiving Stolen Property, Second Degree (Case No. CC82-798), that is, a crime punishable by imprisonment for a term exceeding one year under the laws of the

3

State of Alabama did knowingly possess in and affecting commerce, the following

firearms, to wit:

(A) One Phoenix Arms, Model Raven, .25 caliber semi-automatic pistol, serial

number 3095413;

(B) One Bryco Arms, Jennings, Model 48, .380 caliber semi-automatic pistol,

serial number 809158; and

(C) One Bryco Arms, Jennings, Model T380, .390 caliber, semi-automatic pistol,

serial number 1422059;

all in violation of Title 18, United States Code, Section 922(g)(1).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the

sentence under certain circumstances, the defendant expressly waives any and all

rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant further

expressly waives the right to appeal the sentence on any other ground and waives the

right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the

Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage

of the proceedings.  Further, the parties agree that nothing in this agreement shall

affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5.  The defendant, before entering a plea of guilty to Count 1 of the Indictment as

provided for herein by said Plea Agreement, advises the Court that:

4

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of

guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be

admissible in any civil or criminal proceedings against the defendant.  However, the

defendant does understand that evidence of a statement made in connection with and

relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes

charged in the Indictment herein, is admissible in a criminal proceeding for perjury or

false statement when the statement was made by the defendant under oath, on the

court record, and in the presence of counsel.

       k.  The defendant is satisfied that defense counsel has been competent

and effective in representing defendant.

      6.  The undersigned attorneys for the government and for the defendant

represent to the court that the foregoing Plea Agreement is the agreement of the parties

that has been reached pursuant to the Plea Agreement procedure provided for in

Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the

defendant further advises the Court that the defendant has been advised of the nature

of the charge to which the foregoing described plea is to be offered, and that the

defendant has been advised of the defendant's right to plead not guilty and to be tried

by a jury on all issues herein; of the maximum possible penalty provided by law; that by

the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by

a jury or by the Court, waives the right to confront and cross-examine witnesses against

the defendant and the right not to be compelled to incriminate the defendant; and that if

the defendant pleads guilty, there will not be a further trial of any kind.  Further, the

defendant has been advised that if the defendant pleads guilty, the Court may ask

questions about the offense to which the defendant has pleaded and that if the plea is

rejected or later withdrawn, that the answers to such questions may not be used against

the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

This _13_ day of June, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Andrew Schiff
Deputy Criminal Chief

K. David Cooke, Jr.
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

8

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, KEVIN BUTLER.

Ralph Lingo/DEFENDANT

6/13/06
Date

Kevin Butler
Attorney for the Defendant

6/13/06
Date

GOVERNMENT'S
EXHIBIT

PENGAD 800-631-6989

_C_

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                FOR THE MIDDLE DISTRICT OF ALABAMA

 3                         SOUTHERN DIVISION

 4

 5   UNITED STATES OF AMERICA

 6        vs.                      CASE NO.:  1:05cr32-WHA

 7   RALPH WILSON LINGO,

 8           Defendant.

 9

10

11

12                    *  *  *  *  *  *  *  *  *  *  *

13                    CHANGE OF PLEA HEARING

14                    *  *  *  *  *  *  *  *  *  *  *

15           BEFORE THE HONORABLE CHARLES S. COODY, UNITED STATES

16   MAGISTRATE JUDGE, at Montgomery, Alabama, on Wednesday,

17   December 20, 2006, commencing at 1:52 p.m.

18   APPEARANCES:

19   FOR THE GOVERNMENT:      Ms. Tommie Brown Hardwick
                              Assistant United States Attorney
20                            OFFICE OF THE UNITED STATES ATTORNEY
                              One Court Square, Suite 201
21                            Montgomery, Alabama  36104

22   FOR THE DEFENDANT:       Mr. Richard Kelly Keith
                              Attorney at Law
23                            22 Scott Street
                              Montgomery, Alabama  36104
24
                       Proceedings reported stenographically;
25                        transcript produced by computer.
```

```
1        (The following proceedings were heard before the Honorable

2        Charles S. Coody, United States Magistrate Judge, at

3        Montgomery, Alabama, on Wednesday, December 20, 2006,

4        commencing at 1:52 p.m.:)

5              MS. HARDWICK:  Your Honor, on this one, the copy of the

6     indictment, on page 4, after that (C), it's a .380-caliber.

7     Mr. Keith caught that.  We have corrected it and initialed it on

8     the original copy.

9              THE COURT:  What page is that on?

10             MS. HARDWICK:  Page 4, Your Honor.  And it's after that

11    (C).

12             THE COURT:  Yes.  I see it.

13             MS. HARDWICK:  And it's 380 instead of 390.  That's the

14    only correction.  And we've all initialed that change.

15             THE COURT:  That's fine.

16             MS. HARDWICK:  Thank you.

17             THE COURT:  Mr. Lingo, please rise.  Mr. Lingo, is it

18    your desire to enter a guilty plea to the charge against you of

19    being a felon in possession of a firearm?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  For that purpose, you must be placed under

22    oath.  Please raise your right hand and be sworn.

23        (The defendant is sworn)

24             THE DEFENDANT:  Yes, ma'am.  Best of my knowledge.

25             THE COURT:  Mr. Lingo, let me remind you now that you
```

1   are under oath, should you answer falsely any of the questions

2   put to you by the Court, those answers later can be used against

3   you in a prosecution for perjury or for making a false answer.

4   And when I say the Court, I mean both me and the lawyers in this

5   proceeding.  Do you understand that?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Mr. Lingo, what is your full name?

8           THE DEFENDANT:  Ralph Wilson Lingo.

9           THE COURT:  How old are you?

10          THE DEFENDANT:  44 or forty --

11          THE COURT:  When were you born?

12          THE DEFENDANT:  1962.  February 4.

13          THE COURT:  All right.  Okay.  How far did you go in

14  school, Mr. Lingo?

15          THE DEFENDANT:  I really don't know, my honor.

16          THE COURT:  Okay.

17          THE DEFENDANT:  I worked --

18          THE COURT:  Did you go to high school at all?

19          THE DEFENDANT:  Oh, no, sir.  I mean I went to school,

20  but we went out to the lunchroom and got on a bus and delivered

21  flour and sugar to the county schools.

22          THE COURT:  Can you read and write?

23          THE DEFENDANT:  No, sir.  I'm learning to read and

24  write while I'm in jail.

25          THE COURT:  Mr. Lingo, have you recently been treated

1    for any mental illness or addiction to narcotic drugs?

2         THE DEFENDANT:  Not for arcotic (sic) drugs.  I was on

3    arcotic drugs for my neck and my rotary (sic) cuff.  But the

4    depression, I'm still being treated for depression, sir.

5         THE COURT:  All right.  And you're on medication for

6    that?

7         THE DEFENDANT:  Yes, sir.

8         THE COURT:  Do you know what medication you're taking?

9         THE DEFENDANT:  Sir, if I ain't mistaken, I think it's

10   Lexapro.

11        THE COURT:  Okay.  And are you still taking narcotic

12   drugs for pain control?

13        THE DEFENDANT:  No, sir.

14        THE COURT:  During the past 24 hours, have you had any

15   alcoholic beverage to drink?

16        THE DEFENDANT:  No, sir.

17        THE COURT:  Other than the Lexapro, are you taking any

18   other medication?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  What?

21        THE DEFENDANT:  Motrin 800 and Tylenol and something --

22   some other type of pills.  I think it do with my nerves.  It

23   ain't no type of arcotic.

24        THE COURT:  All right.  Mr. Keith, do you have any

25   doubt about Mr. Lingo's competence to enter a plea?

```
 1          MR. KEITH:  No, sir, Judge.  I've dealt with Mr. Lingo

 2   as I've reviewed discovery, the search warrant issue, the plea

 3   agreement.  I feel he understands it.

 4          THE COURT:  Very good.  Mr. Lingo, I'm a United States

 5   magistrate judge, and the judge next higher in rank is a

 6   district judge.  And you have the right to have a district judge

 7   both conduct these proceedings and, based on your guilty plea,

 8   to adjudicate your guilt; however, you may consent to my

 9   handling these proceedings and adjudicating your guilt.  Have

10   you and Mr. Keith talked about that?

11          THE DEFENDANT:  Yes, sir.  You'll be fine.  I like you.

12          THE COURT:  All right.  Then I need you, Mr. Lingo, to

13   sign this consent form to indicate your consent to my handling

14   these proceedings.

15          THE DEFENDANT:  Yes, sir.  Merry Christmas, by the way,

16   to the Court.

17          THE COURT:  Thank you.  Mr. Lingo, have you received a

18   copy of the indictment returned against you in this case?

19   That's the written charge.

20          THE DEFENDANT:  Oh, yes, sir.

21          THE COURT:  All right.  And you said you couldn't read,

22   but did someone read it to you?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And you understand that the charge against

25   you is that you were a felon in possession of a firearm,
```

 1   specifically, that you possessed a firearm and prior to that

 2   date you had been convicted of a felony; that is, a crime

 3   punishable by a term of imprisonment in excess of one year?

 4          THE DEFENDANT:  Yes, sir.

 5          THE COURT:  All right.  Are you fully satisfied with

 6   Mr. Keith's representation of you in this case?

 7          THE DEFENDANT:  Yes, sir.

 8          THE COURT:  Mr. Lingo, I have before me a written plea

 9   agreement.  I'm turning to the last page of that agreement,

10   which is page 9.  That appears to be your signature in blue

11   ink.  Is that your signature?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  All right.  Before signing this plea

14   agreement, you indicated you couldn't read.  Did someone read it

15   to you?

16          THE DEFENDANT:  Yes, sir.  My attorney read it.

17          THE COURT:  All right.  And do you understand the terms

18   of the plea agreement?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  All right.  Mr. Keith, just for the record,

21   did you fully go over the plea agreement with Mr. Lingo?

22          MR. KEITH:  I thoroughly read it today, and I think

23   we've discussed it over the past couple weeks.  And Judge, it's

24   the same basic plea agreement that his former attorney, Kevin

25   Butler, had.  We've discussed this plea agreement since the day

1  I was appointed.

2        THE COURT:  All right.  Mr. Lingo, other than this plea

3  agreement, has anyone made any promise to you to get you to

4  plead guilty in this case?

5        THE DEFENDANT:  No, sir.

6        THE COURT:  All right.  Mr. Lingo, under the terms of

7  the plea agreement, the government is going to make certain

8  recommendations about a sentence to be imposed on you, but those

9  are merely recommendations.  The court is not bound by those

10  recommendations.  At a later date, the sentencing judge will

11  review this plea agreement and decide if he will sentence you in

12  accordance with those recommendations.  If the sentencing judge

13  decides that he will not follow those recommendations, you will

14  be notified of that.  And at that time, you will have the right

15  to withdraw your guilty plea.  Do you understand that?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Mr. Lingo, at that time, if you decide to

18  not withdraw your guilty plea, the court may then impose on you

19  any lawful sentence, even if it is more severe than the sentence

20  you expect.  Do you understand that?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Mr. Lingo, has anyone attempted in any way

23  to force you to plead guilty in this case?

24        THE DEFENDANT:  No, sir.  I just want to get everything

25  in back of me, so --

1          THE COURT:  All right.  Mr. Lingo, this offense is a

2 felony offense.  And upon conviction of this offense, you will

3 be deprived of valuable civil rights, such as the right to vote,

4 the right to hold public office, the right to serve on a jury,

5 and the right to ever possess any kind of firearm.  Do you

6 understand that?

7          THE DEFENDANT:  Yes, sir.  Can I go fishing?

8          THE COURT:  As long as you don't have a gun or an

9 explosive, yes.

10          THE DEFENDANT:  Okay, Judge.

11          THE COURT:  Mr. Lingo, I want you to understand also

12 the consequences of your plea with respect to the maximum

13 punishment for this offense.  The maximum punishment for this

14 offense is a term of imprisonment of not more than ten years, a

15 fine of not more than $250,000, or both the fine and the

16 imprisonment.  Upon release from imprisonment, you would be

17 subject to a period of supervised release of not more than three

18 years, and you would be required to pay to the Court a $100

19 assessment fee.  Do you understand the maximum punishment for

20 this offense?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Mr. Lingo, if sentenced to a term of

23 imprisonment and later placed on supervised release, if you

24 violate the conditions of supervised release, you can be given

25 additional time in prison.  Do you understand that?

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  Now, have you and Mr. Keith talked about

 3    the sentencing guidelines and how they will apply in and affect

 4    your case?

 5              THE DEFENDANT:  Yes, sir.

 6              THE COURT:  That's that grid and the points and --

 7              THE DEFENDANT:  I don't understand it, but --

 8              MR. KEITH:  We've discussed it, Your Honor.

 9              THE COURT:  All right.  Well, those guidelines are no

10    longer mandatory on the court, but they remain an important

11    factor which the court must consider in imposing a sentence on

12    you.  Do you understand that?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  All right.  Mr. Lingo, if you don't

15    understand something that we're discussing, I want you to stop

16    me and you ask.  And you can talk to Mr. Keith about it at any

17    time.  Do you understand?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  Mr. Lingo, if you're sentenced to a term of

20    imprisonment, you will not be released on parole, because parole

21    has been abolished.  Do you understand that?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Mr. Lingo, under the terms of this plea

24    agreement, you are giving up all of your rights to appeal or

25    otherwise attack any sentence imposed on you.  You will not be
```

```
 1   able to appeal any sentence or otherwise attack it in any

 2   collateral proceeding.  In other words, you won't be able to

 3   come back to court and say the sentence was wrong.  Do you

 4   understand that?

 5            THE DEFENDANT:  Yes, sir.

 6            THE COURT:  And the government is not giving up its

 7   right to appeal any sentence that may be imposed on you.  Do you

 8   understand that?

 9            THE DEFENDANT:  Yes, sir.

10            THE COURT:  Mr. Lingo, to this charge, you have the

11   right to plead not guilty and to persist in that plea.  You

12   would then have the right to a trial by jury, at which you would

13   be presumed innocent and the government would be required to

14   prove your guilt beyond a reasonable doubt.  At that trial, you

15   would have the right to the assistance of counsel for your

16   defense, the right to see and hear all witnesses and have them

17   cross-examined in your defense.  And you would have the right on

18   your own part to decline to testify unless you voluntarily

19   elected to do so in your defense, and you would have the right

20   to issue subpoenas to compel witnesses to come to court to

21   testify in your defense.  Do you understand your right to a

22   trial and the other rights I've explained to you?

23            THE DEFENDANT:  Yes, sir, my honor.

24            THE COURT:  Mr. Lingo, at that trial, if you decided to

25   not testify or decided to not put on any evidence, those facts
```

1  could not be used against you.  Do you understand that?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Mr. Lingo, by pleading guilty to this

4  charge, you are giving up your right to a trial and all of the

5  other rights that I've mentioned to you.  There will be no trial

6  of any kind.

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Based solely on your plea of guilty, the

9  Court will find you guilty and later impose a sentence on you.

10  Do you understand that?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  At a trial on this charge, Mr. Lingo, the

13  government would be required to prove that you knowingly

14  possessed a firearm or ammunition in or affecting interstate

15  commerce -- that means the gun or ammunition wasn't made in the

16  state of Alabama -- and that before that time, before you

17  possessed the weapon or the ammunition, you had been convicted

18  in a court of a crime punishable by a term of imprisonment in

19  excess of one year, a so-called felony offense.  Do you

20  understand that that's what the government would be required to

21  prove beyond a reasonable doubt at a trial on this charge?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Mr. Lingo, before I can accept your guilty

24  plea, I must be satisfied that there is a factual basis for it.

25           Mr. Keith, would you like to ask him the questions to

 1   establish that?

 2        MR. KEITH:  Thank you, Your Honor.  State your name for

 3   the record.

 4        THE DEFENDANT:  Ralph Wilson Lingo.

 5        MR. KEITH:  Mr. Lingo, back on or around April 14th of

 6   the year 2003, you were residing in Newville, Alabama?

 7        THE DEFENDANT:  Newville.

 8        MR. KEITH:  Newville.  And that's in Henry County.

 9        THE DEFENDANT:  Yes, sir.

10        MR. KEITH:  And the best you know, that's in the Middle

11   District of Alabama?

12        THE DEFENDANT:  Yes, sir.

13        MR. KEITH:  Okay.  And you lived in a mobile home in

14   Newville, Alabama, right?

15        THE DEFENDANT:  Yes, sir.

16        MR. KEITH:  And on April 14th, you were out there or

17   you came to your residence there.  And a bunch of police

18   officers like Sergeant Luker were out there going inside your

19   mobile home.

20        THE DEFENDANT:  He were already in the mobile --

21        MR. KEITH:  Okay.  He was already in it.  I believe you

22   drove up or --

23        THE DEFENDANT:  I drove up, and they took me out to the

24   field.

25        MR. KEITH:  Right.  And they made you wait out there

1   while they searched your mobile home, right?

2        THE DEFENDANT:  Yes, sir.

3        MR. KEITH:  They told you they had a search warrant.

4        THE DEFENDANT:  Yes, sir.

5        MR. KEITH:  Okay.  And they ended up -- coming out of

6   your mobile home, they had a number different handguns; is that

7   right?

8        THE DEFENDANT:  No, sir.  I never seen them.

9        MR. KEITH:  Well, are you aware they say and on the

10  inventory they have basically three .380-caliber handguns?  One

11  was a Phoenix Arms, a Bryco Arms, and another Bryco Arms

12  handgun.  You admit they at least got one gun out of there and

13  they were .380s, right?

14       THE DEFENDANT:  Yes, sir.  I ain't denying --

15       MR. KEITH:  Right.  You don't deny they took these

16  three .380-caliber handguns out of your residence.

17       THE DEFENDANT:  They took all the pistol, rifle,

18  shotgun.  All.

19       MR. KEITH:  They took some other guns, too, you're

20  saying.

21       THE DEFENDANT:  Yes, sir.

22       MR. KEITH:  You were only charged here in this

23  indictment with these .380s.

24       THE DEFENDANT:  Will any other charges be brought up

25  later on, my honor?

1          MS. HARDWICK:  Not to my knowledge, Your Honor.

2          MR. KEITH:  During the time they took those handguns,

3  going back to the year 1982, you had a -- you were charged and

4  convicted of a felony offense called receiving stolen property.

5          THE DEFENDANT:  Yes, sir.

6          MR. KEITH:  And I believe that was also out of Henry

7  County; is that right?

8          THE DEFENDANT:  No, sir.

9          MR. KEITH:  Barbour County.

10          THE DEFENDANT:  No, sir.

11          MR. KEITH:  Where?

12          THE DEFENDANT:  Houston County.

13          MR. KEITH:  Houston County.  And that was a felony

14  offense, and you had a sentence that was more than a year and a

15  day.

16          THE DEFENDANT:  Yes, sir.

17          MR. KEITH:  Okay.  And these firearms that you had in

18  your mobile home, they -- you possessed them, and they --

19  basically, they were made out of state; is that right?  They

20  affected interstate commerce that way.  They weren't made in

21  Alabama.

22          THE DEFENDANT:  I don't know where they were made.

23          MR. KEITH:  Okay.  You would agree they were -- you

24  possessed them.  They were affected in interstate commerce.

25          THE DEFENDANT:  I just bought them, had them at my

1    home.

2          MR. KEITH:  Sure.

3          THE DEFENDANT:  I wasn't taking them with me or no --

4    nothing like that or --

5          MR. KEITH:  Does that suffice, Judge?

6          MS. HARDWICK:  Your Honor, if the parties can stipulate

7    that discovery was provided to Mr. Keith for his client Bates

8    stamped page 27 which states that all three firearms were

9    manufactured in the state of California.

10         THE COURT:  You don't disagree with that, Mr. Keith?

11         MR. KEITH:  No, sir.  They don't make any guns here in

12    Alabama.

13         MS. HARDWICK:  With that, the government is satisfied,

14    Your Honor.

15         THE COURT:  Well, let me ask one thing.  You described

16    all three firearms as being .380s.  But one of them, the

17    Raven --

18         MR. KEITH:  Oh, I'm sorry, Judge.  I apologize.

19         THE COURT:  -- was a .25-caliber pistol.

20         MR. KEITH:  I'm sorry.  The Phoenix Arms, Model Raven,

21    is a .25-caliber and the Bryco Arms, Model 48, is a .380 and the

22    Bryco/Jennings, Model T380, is a .380-caliber.

23         THE COURT:  Is that correct, Mr. Lingo?  Is that

24    correct?  Is that what you understand?

25         THE DEFENDANT:  My honor, I had a gun.  We ain't

```
 1   denying that.  Okay?  For the record being set correctly, the
 2   serial numbers in the factory, they don't resist (sic).
 3            MR. KEITH:  Your Honor, he's referring -- if I may, let
 4   me help you out just a little bit.
 5            THE DEFENDANT:  Okay.
 6            MR. KEITH:  Judge, the indictment, the plea agreement,
 7   and the return inventory all had the same serial numbers for the
 8   pistols.
 9            THE COURT:  All right.
10            MR. KEITH:  There is another piece of paper in the
11   discovery that's got a variation in one of the numbers, but I
12   think that was an error in the other indictment.  And the plea
13   agreement and return inventory are correct.
14            THE COURT:  Okay.
15            MR. KEITH:  That's what you wanted to tell the Judge,
16   right?  You would like to point that out to the Judge, there was
17   an incorrect serial number on one of the pieces of paper?
18            THE DEFENDANT:  Okay.
19            MR. KEITH:  Now, he -- Judge understands that.  I
20   think -- that's what you were wanting to explain to him, right?
21            THE DEFENDANT:  Okay.  Two of the guns on this do not
22   resist.
23            THE COURT:  I'm not sure what you mean when you say
24   that.  But you admit that you had the guns.
25            THE DEFENDANT:  Yes, sir.
```

1     THE COURT:  That's all we need, Mr. Lingo.

2     THE DEFENDANT:  Okay.

3     THE COURT:  Is the government satisfied?

4     MS. HARDWICK:  Yes, Your Honor.

5     THE COURT:  Mr. Keith?

6     MR. KEITH:  Yes, Your Honor.

7     THE COURT:  Mr. Lingo --

8     THE DEFENDANT:  Yes, sir.

9     THE COURT:  -- I have told you the rights that you have

10    and the rights that you are giving up by pleading guilty to this

11    charge.  Do you still desire to plead guilty to this charge?

12    THE DEFENDANT:  Yes, sir, my honor.

13    THE COURT:  Mr. Lingo, to the charge of being a felon

14    in possession of a firearm, how do you plead?

15    THE DEFENDANT:  Guilty, my honor.

16    THE COURT:  Mr. Lingo, the Court finds that you are

17    fully competent and capable of entering an informed plea, that

18    you are aware of the nature of the charge against you and the

19    consequences of your plea.  I further find that your plea of

20    guilty is a knowing and voluntary plea supported by an

21    independent basis in fact containing each of the essential

22    elements of the offense.  Your plea is therefore accepted, and

23    you are now adjudged guilty of being a felon in possession of a

24    firearm.  Mr. Lingo, you will remain in custody.  Sentencing

25    will be set at a later date.

```
 1              THE DEFENDANT:  Thank you, my honor.

 2              THE COURT:  Thank you.  Good luck to you, Mr. Lingo.

 3              THE DEFENDANT:  Thank you.  Thank you, district

 4     attorney.  Merry Christmas.  Happy New Year to everybody.

 5              THE COURT:  Same to you, Mr. Lingo.

 6              Mr. Keith, thank you.

 7              MR. KEITH:  Thank you, Your Honor.

 8              THE COURT:  We'll be in recess.

 9           (Proceedings concluded at 2:10 p.m.)

10                     * * * * * * * * * * *

11                 COURT REPORTER'S CERTIFICATE

12              I certify that the foregoing is a correct transcript

13     from the record of proceedings in the above-entitled matter.

14              This 5th day of June, 2007.

15

16                                    /s/ Risa L. Entrekin
                                      Registered Diplomate Reporter
17                                    Certified Realtime Reporter
                                      Official Court Reporter
18

19

20

21

22

23

24

25
```

GOVERNMENT'S
EXHIBIT
D

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RALPH LINGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.  1:07-cv-0388-WHA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### ATTORNEY AFFIDAVIT

The petitioner was initially represented by the Honorable Kevin L. Butler, who filed his Notice of Appearance on April 5, 2005, and the Motion to Suppress Search on December 15, 2005.  On May 24, 2006, Judge Albritton overruled Lingo's Objections to the Magistrate Judge's denial of his Motion to Suppress Search.

On June 13, 2006, the petitioner pled guilty, and on July 6, 2006, moved to withdrawal his guilty plea and have new counsel appointed.  On July 18, 2006, Petitioner was allowed to withdrawal his guilty plea and the undersigned was appointed.

### RESPONSE TO PETITIONER'S GROUND NO. 1(a)

Petitioners initial attorney effectively litigated the Motion to Suppress Search issue and did in fact have the copy of the subject search warrant.  A full and fair evidentiary was held and the Motion to Suppress the Search was denied.

<u>RESPONSE TO GROUND NO. 1(7)</u>

The undersigned attorney explained to Petitioner that unless "new evidence" was discovered, the Court was not going to have grounds to allow another suppression hearing on the same evidence previously presented by Attorney Butler.

I spent the bulk of my time in this case issuing numerous subpoenas to various State agencies to obtain new and different information in relation to the subject "search". No new information was obtained to justify any request for a new hearing.

<u>RESPONSE TO GROUND NO. 2</u>

This claim involved communications with Petitioner's initial attorney, Kevin Butler and the undersigned is unable to respond.

<u>RESPONSE TO GROUND NO. 3</u>

There is in fact a "search warrant" in this case. The petitioner claims it was essentially a "forged" document.

<u>RESPONSE TO GROUND NO. 4</u>

The petitioner in fact had a suppression hearing with his initial attorney and simply is dissatisfied with the result. The undersigned attorney, after due diligence, was unable to obtain (by subpoena) any new information that would have given grounds to renew the Motion to Suppress.

Respectfully submitted this 29th day of May, 2007.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney at Law
**KEITH & DUBIN, PC**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kent Brunson, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RALPH WILSON LINGO          )
                                       )
        v.                 )      CR. NO. 1:07cv388-WHA
                                       )
UNITED STATES OF AMERICA    )

**UNITED STATES RESPONSE TO §2255 MOTION**

Comes now the United States of America, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and in response to the Court's Order of May 7, 2007,

the following is submitted:

**I.  PROCEDURAL HISTORY AND RELEVANT FACTS**

On February 9, 2005, a grand jury for the Middle District of Alabama returned a single-count

indictment against Defendant/Movant Ralph Lingo.  (See Exhibit A, the Indictment).  The

indictment charged that on April 14, 2003, Lingo, having been convicted of a felony on or about

March 2, 1983, thereafter knowingly possessed, in and affecting commerce, three listed firearms, all

in violation of Title 18 U.S.C. §922(g)(1).

The charge in the indictment arose after a search of Lingo's residence pursuant to a search

warrant issued by a state court judge.  Lingo was initially represented by Kevin L. Butler who filed

a motion to suppress the search alleging that the warrant was issued after the search of the residence.

Mr. Butler also argued that the warrant was deficient because the supporting affidavit lacked

sufficient probably cause.  An evidentiary hearing was held on January 17, 2006,, with a

supplementary hearing held on February 21, 2006.  The Magistrate Judge issued his

Recommendation on March 2, 2006, which proposed the Motion to Suppress be denied.  On May

24, 2006, the District Court issued its Memorandum Opinion and Order which concluded that the

Defendant's Motion to Suppress is Denied.

On May 18, 2006, Lingo filed Motion to Dismiss Council seeking to remove Kevin Butler as his attorney. Prior to the scheduled hearing on Lingo's motion to dismiss counsel, Lingo, through Mr. Butler, on June 13, 2006, filed his consent declaring his intention to enter a plea of guilty and consent to have a Magistrate Judge conduct the plea proceedings. A plea agreement was executed and the plea was entered on June 13, 2006. On July 5, 2006, Lingo wrote the court another letter asking the court to remove Kevin Butler from his case. The court issued an order on July 6, 2006, directing the Clerk to not docket the letter but to notify Mr. Butler and to set an ex parte hearing on July 10, 2006. On July 14, 2006, Mr. Butler filed Motion to Withdraw Plea and Renewed Motion to Substitute Counsel. This motion was granted to both withdraw Lingo's guilty plea and to substitute counsel. Richard K. Keith filed his Notice of Appearance on July 19, 2006.

On December 20, 2006, Lingo and his new attorney executed a new plea agreement and Lingo again pled guilty. The plea agreement contained a waiver of appeal and collateral attack. (See Exhibit B - plea agreement). At the change of plea hearing, Lingo was advised he was giving up his rights to appeal or otherwise attack any sentence imposed (See Exhibit C - Change of Plea Hearing, p. 9 & 10).

## II. CLAIMS RAISED IN THE §2255 MOTION

The essence of Lingo's motion is the search warrant. He states in his motion on the first page in paragraph 5 that "I am guilty of the gun and I am fighting the search warrant the search warrant is no good & the cases hope not to be no good. I am fighting the search warrant."

As ground one for the motion, Lingo states "The search warrant is no good." This verbage continues throughout the motion. Lingo does allege in Ground 1 (c)(7)(Motion-Page 6) that his second attorney told him the judge would not give another hearing. To this, the second attorney, Richard Keith said in his affidavit that he explained to Lingo that unless new evidence was

discovered, the court was not going to have grounds to allow another suppression hearing on the same evidence previously presented by Attorney Butler. Mr. Keith continued by stating he spent the bulk of his time issuing numerous subpoenas to obtain new and different information on the subject search. He stated no new information was obtained to justify any request for a new hearing. (See Exhibit D - Affidavit). As Mr. Keith concludes in his affidavit, "The petitioner in fact had a suppression hearing with his initial attorney and simply is dissatisfied with the result. The undersigned attorney, after due diligence, was unable to obtain (by subpoena) any new information that would have given grounds to renew the Motion to Suppress." (Response to Ground No. 4).

### III.  RESPONSE TO CLAIM FOR RELIEF

A.  **Lingo's Petition Is Barred Because He Waived His Right To Seek Relief Under 28 U.S.C. § 2255 When He Entered His Guilty Plea.**

Lingo agreed to waive his right to appeal and collaterally attack his sentence in any post-conviction proceeding during his guilty plea hearing on December 20, 2006. See Exhibit C at 9.10. The Court specifically questioned Lingo as to whether he understood that his plea agreement waived his ability to appeal and collaterally attack his sentence, and he stated under oath that he understood this provision. Id. Lingo also acknowledged that before signing the plea agreement, he had an opportunity to read it and to discuss the terms of the agreement with his attorney, Mr. Keith. Id. at 6 & 7.

To the extent that Lingo is attempting to attack his sentence, the Eleventh Circuit views Lingo's waiver of right to seek relief under § 2255 as a contract between the United States and a criminal defendant.

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1342, 1350 (11ᵗʰ Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary–he was

–3–

specifically questioned by the district court regarding the waiver of his right to appeal. See United States v. Buchanan, 131 F.3d 1005, 1008 (11ᵗʰ Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this challenge.

United States v. Howle, 166 F.3d 1166, 1168 (11ᵗʰ Cir. 1999).

Moreover, "[a] defendant's waiver of the right to appeal 'directly or collaterally' encompasses his right to challenge his sentence in a section 2255 proceeding." Velazques v. United States, 2006 WL 3694641 (M.D.Fla,), See Williams v. United States, 396 F.3d 1340, 1342 (11ᵗʰ Cir. 2005), (although the Eleventh Circuit has not addressed whether a sentence-appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel, every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.).

The Eleventh Circuit has also stated that "a waiver of the right to seek federal habeas review must be 'an intentional relinquishment or abandonment of a known right,' the right to federal habeas review." Allen v. Thomas, 161 F.3d 667, 670 (11ᵗʰ Cir. 1998). The record demonstrates that the Court ascertained that Lingo's assent to the terms of his plea agreement was knowing and voluntary. Lingo's § 2255 motion is procedurally barred from review by this Court.

**B.    Lingo Has Met the One-Year Statue of Limitation Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

In the event this Court finds that Lingo's waiver of his right to seek relief under 28 U.S.C. § 2255 is unenforceable, the United States notes that he has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his

§2255 motion within one year from the "date on which the judgement of conviction became final."

Lingo was sentenced on March 22, 2007. Lingo did not appeal his sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking the appeal expires. Lingo had ten days from the March 22, 2007, entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on April 2, 2007. Therefore, under § 2255, Lingo had until April 3, 2008, the first business day after one year April 2, 2007, to file his § 2255 motion. He filed his motion on May 3, 2007. It is, therefore, timely.

## C.    Lingo's Petition is Without Merit.

Lingo's challenge to the search warrant is without merit. He had a suppression hearing where his then attorney, Kevin Butler, voiced several challenges to the warrant. Mr. Butler challenged the warrant for lack of probable cause, for actually being issued after the search and for the affidavit being misleading. These issues have been settled through an evidentiary hearing, Recommendation of the Magistrate Judge and District court Order which accepted the Recommendation. Lingo failed to appeal the denial of this search warrant issue and has not demonstrated cause for procedural default or resulting prejudice. U.S. v. Frady, 456 U.S. 152, 166 (1982).

## IV.  A HEARING IS NOT APPROPRIATE IN THIS MATTER

Lingo has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge, v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Leatividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Lingo has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Ralph Wilson Lingo has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted on this the 6th day of June, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RALPH WILSON LINGO                    )
                                      )
          v.                          )          CR. NO. 1:07cv388-WHA
                                      )
UNITED STATES OF AMERICA              )

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2007, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following: Ralph

Wilson Lingo, AIS 190083, Draper Correctional Facility, Post Office Box 1107, Elmore, Alabama

36025.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov