# NOTICE OF CORRECTION

**From: Clerk's Office**

**Case Style: Lingo v. United States of America**

**Case Number: 1:07-cv-00388-WHA**

**Referenced Pleading: REPLY BRIEF - Doc. 4**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07cv388-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

### UNITED STATES RESPONSE TO §2255 MOTION

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the Court's Order of May 7, 2007, the following is submitted:

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

On February 9, 2005, a grand jury for the Middle District of Alabama returned a single-count indictment against Defendant/Movant Ralph Lingo. (See Exhibit A, the Indictment). The indictment charged that on April 14, 2003, Lingo, having been convicted of a felony on or about March 2, 1983, thereafter knowingly possessed, in and affecting commerce, three listed firearms, all in violation of Title 18 U.S.C. §922(g)(1).

The charge in the indictment arose after a search of Lingo's residence pursuant to a search warrant issued by a state court judge. Lingo was initially represented by Kevin L. Butler who filed a motion to suppress the search alleging that the warrant was issued after the search of the residence. Mr. Butler also argued that the warrant was deficient because the supporting affidavit lacked sufficient probably cause. An evidentiary hearing was held on January 17, 2006,, with a supplementary hearing held on February 21, 2006. The Magistrate Judge issued his Recommendation on March 2, 2006, which proposed the Motion to Suppress be denied. On May 24, 2006, the District Court issued its Memorandum Opinion and Order which concluded that the Defendant's Motion to Suppress is Denied.

On May 18, 2006, Lingo filed Motion to Dismiss Council seeking to remove Kevin Butler as his attorney. Prior to the scheduled hearing on Lingo's motion to dismiss counsel, Lingo, through Mr. Butler, on June 13, 2006, filed his consent declaring his intention to enter a plea of guilty and consent to have a Magistrate Judge conduct the plea proceedings. A plea agreement was executed and the plea was entered on June 13, 2006. On July 5, 2006, Lingo wrote the court another letter asking the court to remove Kevin Butler from his case. The court issued an order on July 6, 2006, directing the Clerk to not docket the letter but to notify Mr. Butler and to set an ex parte hearing on July 10, 2006. On July 14, 2006, Mr. Butler filed Motion to Withdraw Plea and Renewed Motion to Substitute Counsel. This motion was granted to both withdraw Lingo's guilty plea and to substitute counsel. Richard K. Keith filed his Notice of Appearance on July 19, 2006.

On December 20, 2006, Lingo and his new attorney executed a new plea agreement and Lingo again pled guilty. The plea agreement contained a waiver of appeal and collateral attack. (See Exhibit B - plea agreement). At the change of plea hearing, Lingo was advised he was giving up his rights to appeal or otherwise attack any sentence imposed (See Exhibit C - Change of Plea Hearing, p. 9 & 10).

## II. CLAIMS RAISED IN THE §2255 MOTION

The essence of Lingo's motion is the search warrant. He states in his motion on the first page in paragraph 5 that "I am guilty of the gun and I am fighting the search warrant the search warrant is no good & the cases hope not to be no good. I am fighting the search warrant."

As ground one for the motion, Lingo states "The search warrant is no good." This verbage continues throughout the motion. Lingo does allege in Ground 1 (c)(7)(Motion-Page 6) that his second attorney told him the judge would not give another hearing. To this, the second attorney, Richard Keith said in his affidavit that he explained to Lingo that unless new evidence was

discovered, the court was not going to have grounds to allow another suppression hearing on the same evidence previously presented by Attorney Butler. Mr. Keith continued by stating he spent the bulk of his time issuing numerous subpoenas to obtain new and different information on the subject search. He stated no new information was obtained to justify any request for a new hearing. (See Exhibit D - Affidavit). As Mr. Keith concludes in his affidavit, "The petitioner in fact had a suppression hearing with his initial attorney and simply is dissatisfied with the result. The undersigned attorney, after due diligence, was unable to obtain (by subpoena) any new information that would have given grounds to renew the Motion to Suppress." (Response to Ground No. 4).

### III. RESPONSE TO CLAIM FOR RELIEF

**A.    Lingo's Petition Is Barred Because He Waived His Right To Seek Relief Under 28 U.S.C. § 2255 When He Entered His Guilty Plea.**

Lingo agreed to waive his right to appeal and collaterally attack his sentence in any post-conviction proceeding during his guilty plea hearing on December 20, 2006. See Exhibit C at 9.10. The Court specifically questioned Lingo as to whether he understood that his plea agreement waived his ability to appeal and collaterally attack his sentence, and he stated under oath that he understood this provision. Id. Lingo also acknowledged that before signing the plea agreement, he had an opportunity to read it and to discuss the terms of the agreement with his attorney, Mr. Keith. Id. at 6 & 7.

To the extent that Lingo is attempting to attack his sentence, the Eleventh Circuit views Lingo's waiver of right to seek relief under § 2255 as a contract between the United States and a criminal defendant.

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1342, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary–he was

  specifically questioned by the district court regarding the waiver of his right to appeal.  See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997).  The plea agreement is therefore enforceable and would appear to bar this challenge.

United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).

  Moreover, "[a] defendant's waiver of the right to appeal 'directly or collaterally' encompasses his right to challenge his sentence in a section 2255 proceeding."  Velazques v. United States, 2006 WL 3694641 (M.D.Fla,), See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), (although the Eleventh Circuit has not addressed whether a sentence-appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel, every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.).

  The Eleventh Circuit has also stated that "a waiver of the right to seek federal habeas review must be 'an intentional relinquishment or abandonment of a known right,' the right to federal habeas review."  Allen v. Thomas, 161 F.3d 667, 670 (11th Cir. 1998).  The record demonstrates that the Court ascertained that Lingo's assent to the terms of his plea agreement was knowing and voluntary.  Lingo's § 2255 motion is procedurally barred from review by this Court.

**B.** **Lingo Has Met the One-Year Statue of Limitation Deadline For The Filing of Claims Under 28 U.S.C. § 2255.**

  In the event this Court finds that Lingo's waiver of his right to seek relief under 28 U.S.C. § 2255 is unenforceable, the United States notes that he has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule.  The applicable provision in this case requires that a movant file his

§2255 motion within one year from the "date on which the judgement of conviction became final."

Lingo was sentenced on March 22, 2007. Lingo did not appeal his sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking the appeal expires. Lingo had ten days from the March 22, 2007, entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on April 2, 2007. Therefore, under § 2255, Lingo had until April 3, 2008, the first business day after one year April 2, 2007, to file his § 2255 motion. He filed his motion on May 3, 2007. It is, therefore, timely.

**C.     Lingo's Petition is Without Merit.**

Lingo's challenge to the search warrant is without merit. He had a suppression hearing where his then attorney, Kevin Butler, voiced several challenges to the warrant. Mr. Butler challenged the warrant for lack of probable cause, for actually being issued after the search and for the affidavit being misleading. These issues have been settled through an evidentiary hearing, Recommendation of the Magistrate Judge and District court Order which accepted the Recommendation. Lingo failed to appeal the denial of this search warrant issue and has not demonstrated cause for procedural default or resulting prejudice. U.S. v. Frady, 456 U.S. 152, 166 (1982).

## IV. A HEARING IS NOT APPROPRIATE IN THIS MATTER

Lingo has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge, v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Leatividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991). Should this Court determine that Lingo has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V. CONCLUSION

For the above reasons, Defendant/Movant Ralph Wilson Lingo has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted on this the 6th day of June, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> /s/ Kent B. Brunson
> KENT B. BRUNSON
> Assistant United States Attorney
> Bar Number: ASB-3094-U62K
> One Court Square, Suite 201
> Montgomery, Alabama 36104
> Telephone: (334) 223-7280
> Fax: (334) 223-7135
> E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO | ) | |
| | ) | |
| v. | ) | CR. NO. 1:07cv388-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ralph Wilson Lingo, AIS 190083, Draper Correctional Facility, Post Office Box 1107, Elmore, Alabama 36025.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov