IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:07cv388-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**ORDER**

Prior to the entry of his guilty plea pursuant to a plea agreement, Lingo filed and prosecuted a motion to suppress the three weapons which were found during a search of his residence. That search was conducted pursuant to a warrant. The court denied the motion to suppress, and Lingo plead guilty. In this § 2255 collateral action, Lingo's latest motion (doc. # 48) asks the court to check the serial numbers of the weapons with the weapons themselves because they do not match. On this basis and others, Lingo claims that the motion to suppress should have been granted, and he should be set free.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The evidence Lingo seeks is unrelated to the validity of his conviction. Accordingly, it is

ORDERED that the motion (doc. # 48) be and is hereby DENIED.

Done this 10th day of April, 2008.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE