IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO | ) | |
| | ) | |
| v. | ) | Civ. Case No. 1:07cv388-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on motion to vacate, set aside, or correct sentence filed by Ralph Wilson Lingo ("Lingo") pursuant to 28 U.S.C. § 2255. On December 20, 2006, Lingo pleaded guilty to the unlawful transport of firearms, a violation of 18 U.S.C. § 922(g)(1). On March 22, 2007, he was sentenced to 37 months of imprisonment and 3 years of supervised release. Lingo did not file a direct appeal.

On May 4, 2007, Lingo filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his pro se motion, Lingo asserts the following claims:

1. The search warrant is no good. . . . I never had a search warrant for 18 months. The search warrant was not filled out correctly. It was neither time or dated & it was city investigator and he suppose[s] hi[m]self as a deputy sheriff of Henry County. The woman named Vonda Sue William gave Tony Luker the key to my home and my home was open by a key. The judge Cooley will not listen to the evidence, will not let evidence come inside the court. I had requested over 180 times copy of the search warrant my attorney . . . stated in her letter was not a search warrant and the District Attorney stated that it was not a search warrant in a letter. . . . I never had a fair chance or hearing of a search warrant. . . . [M]y second attorney told me the judge will not give me no hearing & mislead me.

2. My attorney mislead me by giving me to say Tony Luker give

>    me a search warrant. My attorney violated me of my constitutional rights by misleading me. He got me to say yes that he gave me a search warrant but neither a search warrant and Judge Cooley know that it was not a search warrant. I feel like my attorney had violated my constitutional rights. . . .
>
> 3. We will start from Dothan – my attorney Tammy L. Stenton said was no search warrant. I asked for a search warrant during a trial and I was ordered to take back to the jail and taken back to prison. I receive a search warrant in the mail in Bullock [County] Correctional [Facility] 18 months later. During the hearing, it was no search warrant, During a corpus habeas bond hearing, Toney Luker and state did not have no search warrant. Judge White said he sign the search warrant in Henry County. Judge White do not work in Henry County.
>
> 4. The judge will not let [him] introduce . . . evidence.

(Doc. No. 1, Lingo's § 2255 motion, pp. 5-6, 8-9.)  Lingo also summarized his claims as follows:

>    I am challenging the search warrant, the indictment, the serial number on the indictment is wrong. . . . The indictment does not match the content list change of custody has been broken and theft of property had take[n] place during the search. The police officer said that they had no reason to arrest me and they were checking everything out. Tony Luker did a background check on Vonda Sue Wiggins. He lie to the court about her criminal record. He said he talked to my ex-wife about getting a statement. The record showed that they talked to Deborah on 4-24-2003, nothing else was put in writing on 5-8-2003 of Deborah Blackstone, Deborah Blackstone has not been to my house on 5-8-2003. So Deborah cannot give Tony Luker a statement.

(Doc. No. 1, Lingo's § 2255 motion, p. 13.)

In a supplement to his § 2255 motion, Lingo further asserts that trial counsel failed to notify him that the serial numbers of the guns listed in the indictment did not match the weapons seized and requests that this court consider that were three different content lists

2

that were rewritten over an 18-month period. (Doc. No. 40.) Specifically, Lingo requests that this court afford him an opportunity to produce evidence indicating that, although law enforcement officials photographed a rifle and a shotgun during the search, a shotgun was not listed on the content list of the no-knock search warrant. (*Id.*)

The Government responded to Lingo's motion, asserting that Lingo's claims are barred from review because he waived his right to attack his sentence in a post-conviction proceeding. Alternatively, the Government argues that Lingo is entitled to no relief because the claims he presents are without merit. In addition, the Government asserts that, to the extent Lingo challenges the search warrant, his claims are procedurally defaulted. Lingo was afforded an opportunity to respond to the Government's submissions, and has done so. (Doc. Nos. 30 & 31.) No evidentiary hearing is required because the facts are adequately developed in the record. After due consideration and upon review of the motion and numerous pleadings filed in this case, the court concludes that Lingo's motion should be denied.

## II. DISCUSSION

Throughout the criminal proceedings in this court, *United States v. Lingo*, 1:05cr32-WHA (M.D. Ala.), as well as in this § 2255 proceeding, Lingo has insisted that a search warrant issued by a state court judge authorizing a search of his property was invalid for any number of different and varying reasons. In the underlying criminal case, Lingo was found competent. (doc. # 29, 1:05cr32-WHA) On December 15, 2005, Lingo filed a motion to suppress in which he raised the issue that his residence was searched without a warrant

3

because the search warrant was not issued until some seven hours after the search took place.¹ (doc. # 27 at 2, 1:05cr32-WHA)  A hearing on the motion to suppress was held on January 17, 2005.  After considering briefs filed by the parties, the court held a second hearing on the motion on February 21, 2005.  After fully considering the evidence, the court found that the warrant was obtained before Lingo's residence was searched.  The court further found that Lingo was not entitled to any relief on any issue raised in the suppression motion.  (doc. ## 47 and 68, 1:05cr32-WHA)

On December 20, 2006, Lingo entered a plea of guilty pursuant to a written plea agreement.²  That agreement "expressly waive[d] the right to attack the sentence in any post-conviction proceeding." (doc. # 107, 1:05cr32-WHA)  During the plea colloquy, Lingo was expressly advised that by pleading guilty pursuant to the plea agreement, he was waiving any right to attack his sentence.

> THE COURT:    Mr. Lingo, under the terms of this plea agreement, you are giving up all of your rights to appeal or otherwise attack any sentence imposed on you.  You will not be able to appeal any sentence or otherwise attack it in any collateral proceeding.  In other words, you won't be able to come back to court and say that the sentence was wrong.  Do you understand that?

---

¹The motion to suppress also attacked the warrant itself on the basis that the supporting affidavit contained (1) no information regarding the basis of the informants knowledge, (2) no information regarding the veracity or reliability of the "three independent witnesses" or (3) any indication of what information in the affidavit is based upon the "three independent witnesses." (doc. # 27 at 2, 1:05cr32-WHA)

²On June 13, 2006, Lingo entered a plea of guilty to the indictment, but on July 18, 2006, his motion to withdraw that plea was granted.  (doc. # 82, 1:05cr32-WHA)

  A:     Yes, sir.

(Doc. No. 4, Gov.'s Ex. C, pp. 9-10.)

  A defendant's knowing and voluntary waiver of the right to appeal and to file collateral actions challenging his sentence is enforceable. *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). During the plea colloquy, Lingo was expressly advised and he acknowledged that he understood he was giving up his right to appeal or file a post-conviction challenge to her sentence. (Gov.'s Ex. C., pp. 9-10.) At the guilty plea proceeding, the court found that Lingo was competent to enter a plea and that he knowingly and voluntarily entered the plea.

> THE COURT: Mr. Lingo, the Court finds that you are fully competent and capable of entering an informed plea, that you are aware of the nature of the charge against you and the consequences of your plea. I further find that your plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. Your plea is therefore accepted, and you are now adjudged guilty of being a felon in possession of a firearm.

(*Id.*, p. 17.)

  There is no assertion in the pleadings or other evidence in the record to suggest that Lingo's waiver was anything but voluntary and knowing as expressly stated in the plea agreement. He does not allege that the plea agreement was improper, that counsel was ineffective in plea negotiations, or that counsel unduly influenced him during the guilty plea

proceeding.³ He does not assert that this plea was unknowing or involuntary. Because Lingo chose to voluntarily and knowingly enter into the plea agreement, his waiver of his right to appeal and waiver of his right to challenge his sentence in a collateral action, including the pending § 2255 motion, is enforceable. *Bushert*, 997 F.2d at 1350-51. The Government has raised Lingo's waiver as a bar to the pending motion. Lingo is not entitled to a review of his claims on the merits. *Id*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

³In his response to the government's answer to the § 2255 motion, Lingo says this: "The court was using blackmail against Ralph Lingo by a force of plead guilty or I will have perjury charges brought up because the clock you cannot hardly see it. My eyes are bad anyways. The attorney, Richard Keith, told me I did not plead guilty and do what he say do, the government would not perjury charges against me. I did not have not idea I was being questioned by my own attorney. The medication I am on I cannt stand that well. My attorney had no right to question me about the search warrant. By getting me to answer questions by nodding my head up and down and right to left the attorney violated my right and the court allowed him to do this. I, Ralph Lingo, promise this court Tony Lucker [the officer who conducted the search] never did show me the search warrant and I never saw the search warrant un 18 months later when I was at Bullock County Correctional Facility. Did I have the guns, yes I had the guns" To the extent that this diatribe suggests some ineffectiveness or improper action by counsel, the court has several observations. First, Lingo's statement is not sworn. Second, during the plea colloquy Lingo, under oath, stated that he was fully satisfied with Richard Keith's representation of him. (Gov.'s Ex. C at 6) "[T]he representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Moreover, Lingo's lament about the Fourth Amendment warrant issues are simply not properly before the court. *See Haring v. Prosise*, 462 U.S. 306 (1983) (Following guilty plea, Fourth Amendment claim may not be raised in a collateral proceeding); *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (A guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to pre-trial proceedings).

Recommendation **on or before June 10, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of May, 2008.

                                                 /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE